Roope, &c.
vs
Rodes' Adm'r.

---

# Roope, &c. *vs* Rodes' Adm'r.

### Error to the Edmonson County Court.

*Administration.   Counter security.*

Motion.

Case 30.

October 6.

Judge Marshall delivered the opinion of the Court.

Case stated.

Upon a rule obtained against the administrator of Rodes, to show cause why he should not give counter security to his sureties, upon whose application the rule was made, the administrator declared that he was neither able nor willing to give bond and counter security as required. Whereupon, the Court ordered that the administrator be removed from office as such, on condition that

the sureties making the application, or either of them, would take upon themselves or himself, the administration of the estate according to law. The sureties objected to the condition annexed to the removal by this order, and have brought the case to this Court. The order is in effect nothing more than an offer of the administration to the complaining sureties, and a refusal to relieve them from their existing responsibility in any other manner. And this mode of relief being based upon the inability of the administrator to furnish other security for their indemnification, the question is, whether the Court was bound to give, or the sureties entitled to have any other relief.

The 35th section of the act of 1797, (1 *Stat. Laws,* 664,) provides, that on the petition of securities conceiving themselves in danger, &c. the Court shall summon the executor or administrator, "and make such order or decree thereupon, to relieve and secure the petitioners by counter security or otherwise, as to them shall seem just and equitable." If it had been shown that the administrator was in fact able to give counter security, or that there was even ground to believe that he was able, there might have been a peremptory rule requiring it, which might have been prosecuted by attachment or otherwise, until performance was either coerced or found to be impracticable. But if the Court was satisfied in the first instance that he was really unable to comply with the requisition, it was not bound, and especially when no motion was made by the parties interested, to institute measures of coercion which promised to be of no avail. In the absence of all proof contradicting the assertion of the administrator, and of any motion for coercive proceedings against him, we assume that the Court was satisfied that he was unable to give other security, and that he was in fact unable. At any rate, as the case stands, the sureties have no right to complain that no steps were taken, upon the basis that the Administrator was able to give counter security, and especially as there was no proof that he was actually squandering the estate. What then was to be done? The Court certainly was not bound, and as we think, not authorized, for the sake

*The sureties of an adm'r. requires counter security, he answering that he was unable and unwilling to give it, the Court made an order that "he be removed from office on condition that the sureties making the motion, or either of them, would take upon themselves the administration of the estate according to law." Held that there was no error in the order of the Cty. Court to the prejudice of the sureties for which it should be reversed.*

of relieving the sureties, who had voluntarily become responsible for the due administration of the estate, either to release them without providing others, whereby the estate would be left without security, in the hands of an insolvent administrator, nor to remove the administrator without committing the estate to some one else, whereby it would be left entirely unprotected. They could not abandon the care of the estate, and were bound to see that it had that protection which the law intends to provide. They had a right to appoint a new administrator or a curator, to take charge of the estate, upon giving bond, &c. But no body applied for such an appointment, and it does not appear that any one was willing to take it. As there was already an administrator who had given bond with approved security, the case was not such, as under the 57th section of the act, (1 *St. Laws*, 670,) authorized the Court to commit the estate to the Sheriff in his official character and under the responsibilities of his official bond. There was no more right to impose the burthen of administration and of executing a new bond upon him than on any one else. And there was just as much right to impose it upon the original sureties as on any other person. They did not propose any other person, nor intimate that any other was willing to assume the burthen. And it is obvious that their assumption of the administration themselves, would have relieved them, as far as they could be relieved by the appointment of any other, against their responsibility for the first administrator.

The statute says the Court shall relieve and secure them by counter security or otherwise, as to them shall seem just and equitable. This is a broad discretion. And as the complaining sureties were instrumental in having the estate placed in charge of the administrator from whose mismanagement they now apprehend danger, and as in case of his inability to make them safe by bond with new security, their own custody of the estate is as sure an indemnity against his future misconduct or mismanagement, as they can have ; and as there is an apparent propriety in imposing this burthen on them rather than on any other who is unwilling to assume it, we cannot

say that the course pursued by the Court in making their acceptance of the burthen the condition of removing the adminstrator, and the mode of relieving them was either unjust, inequitable or inappropriate. And we are satisfied that there has been no such abuse of the discretion given to the County Court in fixing the mode and measure of relief, as requires or would justify the interposition of this Court.

It is to be observed, that the refusal of the County Court to grant any other relief to the sureties beyond the offer of the adminstration to themselves, and the refusal of this Court to direct further relief upon the case as presented, will not preclude the sureties from any future application for relief under the statute, nor is the County Court precluded from granting, on any future application, such relief as under the statute, is within their discretion. If the administrator is or shall be able to give counter security, it may still be required, or the administration may still be disposed of according to the power and discretion of the Court under the law.

We only decide that as the case is now presented, there is no ground for reversing the order of the County Court, which is, therefore, affirmed.

*Harlan & Craddock* for plaintiff.